IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SLWM LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-00215-CV-RK |
| | ) |
| THE SOURCING GROUP, LLC, KYLE SMITH, RACHELLE REEVES, JENNIFER HARRINGTON, AMY TILLA, STEPHANIE WAZLAVEK, AMY WOODS, NOAH NORTH, AMBER HORNBERGER BLACK, WILLIAM CAAN, JOE FALCONE, | ) |
| | ) |
| Defendants. | |

## JOINT PROTOCOL CONCERNING PRELIMINARY INJUNCTION DISCOVERY

The Parties in the above-captioned litigation have conferred and have agreed, subject to the Court's approval, to the following plan governing disclosure and discovery of documents and information stored on devices imaged by KLDiscovery pursuant to the Court's Preservation Order (Doc. 27) and of documents and information otherwise relevant to Plaintiff's Motion for Preliminary Injunction in the above-captioned matter. The proposed plan is subject to amendment or supplementation upon agreement of the Parties.

I. **GENERAL PROVISIONS**

   A. **Applicability:** This Protocol governs the collection and production of ESI and metadata stored on the Imaged Devices as well as other ESI requested by the Parties pursuant to Plaintiff's Motion for Preliminary Injunction.

   Nothing herein shall alter the parties' respective responsibility to comply with the applicable Federal Rules of Civil Procedure and any applicable Local Rules regarding the collection or production of Documents. To the extent additional obligations, restrictions, or rights not addressed in this Protocol arise under the Federal Rules of Civil Procedure or other applicable law or rules, that law or rule shall govern.

The parties incorporate the provisions of the Protective Order. For the avoidance of doubt, nothing herein shall contradict the parties' rights and obligations with respect to any information designated as Confidential or Attorneys' Eyes Only pursuant to the Protective Order.

B. **Non-Waiver:** Nothing in this ESI Protocol Order shall be construed to affect the relevance, authenticity, or admissibility of discoverable information. Nothing in this Protocol shall be interpreted to require production of Documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable protection or privilege.

C. **Definitions:**

   i. **"Electronically stored information"** or "ESI" as used herein means and refers to information that is stored electronically, regardless of the media or whether it is in the original format in which it was created.

   ii. **"Metadata" as used herein** means and refers to information or data about Documents, and includes without limitation (i) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and/or validity of the electronic file; (ii) information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system; ; and/or (iii) system and other device generated information related to the use of computers, laptops, mobile devices or other information technology systems.

   iii. **"Metadata Report"** as used herein means and refers to a report generated by KLDiscovery that provides requested Metadata present on an Imaged Device.

   iv. **"Imaged Devices" as used herein** means and refers to the devices that were imaged and are being maintained by KLDiscovery pursuant to the Court's Preservation Order (ECF No. 27).

   v. To the extent the Parties or third parties subject to the Protocol do not understand terms relating to ESI as used herein or in connection with this Protocol, they should look to *The Sedona Conference Glossary: eDiscovery and Digital Information Management, Fifth Edition*, 21 Sedona Conf. J. 263 (2020) for guidance.

II. **REQUESTING INFORMATION**

   A. In accordance with the Court's Preliminary Scheduling Order, Parties seeking the production of ESI or metadata pertaining to Plaintiff's Motion for Preliminary Injunction must make an initial request for discovery by **May 5, 2023**.

B. If a Party requests the production of ESI or Metadata, the Requesting Party must include the following information at the time the request for ESI or Metadata is made:

   i. Proposed search parameters, specific to each device the Party requests be searched; AND/OR

   ii. Proposed metadata report to be provided, specific to each device from which the Party requests a report be generated

C. Costs associated with KLDiscovery's processing of the Imaged Devices (including costs to search for and produce documents and the costs to create metadata reports) shall be borne by the Requesting Party;

D. Within **10 days** from any request for discovery pursuant to this Protocol being served, Parties must serve in writing their agreement/disagreement with the proposed search parameters.

   i. To the extent a party disagrees with a proposed search parameter, the party must serve a "search hit" report showing the hits for the proposed search terms as well as alternative proposed search terms with a "search hit" report showing the hits for the newly proposed search terms

E. To the extent the Parties do not agree on a proposed search parameter, the Parties shall jointly request a conference with the Court to resolve the dispute.

III. PRODUCTION.

   A. **Metadata Reports:** KLDiscovery shall provide to all Parties any requested Metadata Report (incorporating those Metadata fields requested by the Requesting Party) within 14 days of the request being made.

   B. **Imaged Device ESI:** The following provisions apply to the request for ESI from the Imaged Devices:

      i. Upon agreement or order by the Court as to search parameters to be applied to a particular device, KLDiscovery shall apply the search parameters and provide all resulting ESI to the "owner" of the Imaged Device. Defendants are deemed the "Owner" of a device if the Defendant was responsible for providing the device to KLDiscovery for imaging. For avoidance of doubt, the devices provided by SLWM for imaging are owned by SLWM.

         1. Concurrent with this Production, KLDiscovery shall provide to the requesting party a Metadata Report (incorporating those Metadata fields requested by the Requesting Party) of all documents that were responsive to the search parameters (i.e. all documents that "hit" on a search parameter).

ii. No later than **25 days** following the service of the request for ESI, the "owner" Party shall produce all documents not withheld on the basis of an objection. For avoidance of doubt, all documents responsive to the initial requests served on **May 5** must be produced by **May 30, 2023**.

iii. Concurrent with any production of documents, the producing party must serve a log that details any document that hit on a search parameter but was withheld on the basis of objection. Included in this log should be the following information:

1. The basis for withholding the document;

2. The following objective metadata (to the extent it is reasonably available): (1) a unique log identifier; (2) subject/filename; (3) Author; (4) From; (5) CC; (6) BCC; and (7) Date.

C. **ESI Not Stored on Imaged Devices**: For avoidance of doubt, the Parties are permitted to request the production of ESI and paper documents that are stored in locations other than the Imaged Devices (e.g. the email servers of the Parties). In order for the below provisions to apply, such requests must be reasonably tailored to be relevant to Plaintiff's Motion for Preliminary Injunction. The following provisions apply to such requests:

i. Upon agreement or order by the Court as to search parameters to be applied, the producing party shall apply the search parameters and commence review of responsive documents.

ii. No later than **25 days** following the service of the request for documents, the "owner" Party shall produce all documents not withheld on the basis of an objection. For avoidance of doubt, all documents responsive to the initial requests served on **May 5** must be produced by **May 30, 2023**.

iii. Concurrent with any production of documents, the producing party must serve a log that details any document that hit on a search parameter but was withheld on the basis of objection. Included in this log should be the following information:

1. The basis for withholding the document;

2. The following objective metadata (to the extent it is reasonably available): (1) a unique log identifier; (2) subject/filename; (3) Author; (4) From; (5) CC; (6) BCC; and (7) Date.

3. **<u>Exclusions from Logging Potentially Privileged Documents</u>:** The following categories of documents do not need to be included on a party's privilege logs unless good cause exists to require that a party do so.

a. Work product created by the producing party's general counsel, by the producing party's in-house or outside trial counsel, or by an agent of in-house or outside trial counsel, after commencement of the action.

b. Any communications exclusively between a producing party and its general counsel, in-house counsel responsible for litigation matters, outside counsel, an agent of outside counsel other than the party, any non-testifying experts, or with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts.

c. Any privileged materials or work product created by, created specifically at the direction of, or received by a party's general counsel, in-house counsel responsible for litigation matters, outside counsel, an agent of outside counsel other than the Party, any non-testifying experts, or with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts.

D. **Redactions**

i. The Parties agree that where ESI items are redacted, they shall be produced solely in TIFF with each redaction clearly indicated along with the reason for the redaction. Any metadata fields reasonably available and unnecessary to protect the privilege or protection protected by the redaction shall be provided.

ii. If the items redacted and partially withheld from production are documents a party would otherwise be obligated to produce in native format, the entire Document must be produced in TIFF format, including all nonprivileged pages, hidden fields and other information that does not print when opened as last saved by the custodian or end-user. For PowerPoint-type presentation decks, this shall include, but is not limited to, any speaker notes. For Excel-type spreadsheets, this shall include, but is not limited to, hidden rows and columns, all cell values, annotations and notes. The producing Party shall also make reasonable efforts to ensure that any spreadsheets produced only as TIFF images are formatted so as to be legible.

iii. If the items redacted and partially withheld from production are audio/visual files, the producing Party shall provide the unredacted portions of the content. The Parties shall meet and confer to discuss the appropriate manner for the producing Party to produce the unredacted portion of the content.

E. **General Provisions Applicable to Withheld Documents.**

i. Following receipt of the logs of withheld documents, a requesting party may request in good faith, for specific documents identified by unique log

identifier, additional information as follows: (1) the capacity of each individual from whom or to whom a document and any attachments were sent (including which persons are lawyers); (2) the type of document; (3) the Bates numbers of the documents, if the document identified on the privilege log was produced in part; (5) the nature of the privilege asserted; and (6) a description of the subject matter of the information contained in the document in sufficient detail to determine if legal advice was sought or received or if the document constitutes attorney work product. The parties agree to meet and confer in an effort to resolve disputes regarding such requests.

   ii. **Email chains:** A party asserting an objection over a chain of emails must produce a single redacted copy of such email chain to the extent some portions are only partially objectionable.

   iii. **Documents Redacted for Privilege:** As an initial production matter, redacted documents need not be logged as long as (a) for emails, the objective metadata (*i.e.* to, from, cc, bcc, recipients, date and time (unless the privilege or protection is contained in these fields) is not redacted, and the reason for the redaction (including the nature of the privilege asserted (for redacted documents where the subject matter is not decipherable as a result of redactions, a description of the contents of the document that is sufficient to understand the subject matter of the document may be requested) is noted on the face of the document; and (b) for non-email documents, the reason for the redaction is noted on the face of the document in the redacted area. After receipt of the production, the requesting Party may request in good faith that the producing Party create a privilege log for specific redacted documents. Electronic Documents that are redacted shall be identified as such in a "redaction" field in the accompanying data load file.

F. **Challenges to Privilege Claims:** Following the receipt of a privilege/redaction log, a requesting party may identify, in writing, the particular documents (by Bates/unique identified number) that it believes require further explanation, including providing legal authority, if any, for any argument that the document is not privileged. The producing party must respond to such a request within a reasonable time period. If a party challenges a request for further information, the parties shall meet and confer to try to reach a mutually agreeable solution. If they cannot reach an agreement, the matter may be brought to the Court.

**IT IS SO ORDERED.**

                                              s/ Roseann A. Ketchmark
                                              ROSEANN A. KETCHMARK, JUDGE
                                              UNITED STATES DISTRICT COURT

DATED: May 4, 2023