IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SLWM LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-00215-CV-RK |
| | ) | |
| THE SOURCING GROUP, LLC, KYLE SMITH, RACHELLE REEVES, JENNIFER HARRINGTON, AMY TILLA, STEPHANIE WAZLAVEK, AMY WOODS, NOAH NORTH, AMBER HORNBERGER BLACK, WILLIAM CAAN, JOE FALCONE, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **PROTECTIVE ORDER**

The parties agree during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because the claims concern alleged trade secrets and proprietary information and discovery has included imaging of devices which includes personal information in which the parties and/or their employees have privacy interests.

Pursuant to the agreement of the parties and for good cause shown under Fed. R. Civ. P. 26(c), the Court hereby enters the following Protective Order:

1.      **Scope.** All documents, materials and electronically stored information produced in the course of discovery of this case, including pleadings, briefs or memoranda, initial disclosures, responses to discovery requests, all deposition testimony and exhibits, all information stored on computers, telephones and otherelectronic devices, and information derived therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below.

2.      **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as documents that the producing party designates in good faith have been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of documents: (a) personnel files, (b) medical information concerning any individual, (c) proprietary business records including research, technical, commercial or financial information not known to the general public, (d) information reflecting trade secrets or alleged trade secrets, (e) personal identifying information, and (f) income tax returns (including attached schedules and forms) as well as W-2 forms and 1099 forms.  . Documents that are available to the public may not be designated as Confidential Information. The parties may stipulate to or move the Court for the inclusion of additional categories of information to be designated as Confidential Information.

3.      **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE

2

ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents

and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

4. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 14 days after discovery of the inadvertent failure, *provided however*, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the producing party shall provide a replacement document having the Confidentiality designation to the receiving party upon notification of the designation. The receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order,

including returning or destroying the unmarked Confidential document upon receipt of the newly marked document. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when the material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information..

5.      **Inadvertent Production.** In the event that a party inadvertently produces to any other party any Confidential Information that is privileged, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, the privileged material may be retrieved by the producing party by giving written notice to all parties who received copies of the produced materials of the claim of privilege within ten (10) business days of the date on which the producing party becomes aware of the inadvertent production. Upon receipt of such notice, all parties or other persons that have received a copy of the produced material shall return any privileged material to the producing party and destroy any copies of privileged documents. The terms of this paragraph shall not be deemed a waiver of a party's right to contest the producing party's designation of Confidential Information as privileged, nor shall such inadvertent production of a document that is subsequently retrieved pursuant to this paragraph be deemed to be a waiver of the claim of privilege asserted. If the receiving party disagrees with the assertion of privilege, it has ten (10) days after receipt of the written notice to reject the producing party's assertion of privilege, during which time it shall sequester the document (and all copies) until a determination is made as to the assertion of privilege. Upon receipt of the receiving party's timely objection to any privilege claim, the party asserting privilege shall initiate within ten (10) days the procedure set forth in Local Rule 37.1 to resolve the dispute. The burden of establishing that the information is privileged remains with the party

asserting it. If the receiving party does not respond to the written notice of privilege within the ten-day period, such non-response will constitute an acceptance of the producing party's assertion. Nothing in this Order imposes a duty on the receiving party to identify potentially privileged documents provided by the producing party.

6. **Depositions.** Deposition testimony may be designated as "CONFIDENTIAL" on the record at the time the testimony is taken. In lieu of a statement on the record, all depositions shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of fourteen (14) days after a transcript of said deposition is received by counsel for each of the parties. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

7. **Protection of Confidential Material.**

    (a) **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

    (b) **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

        (1) The parties to this litigation, including any employees, agents, and representatives of the parties;

        (2) Counsel for the parties and employees and agents of counsel;

(3) The Court and Court personnel, including any special master appointed by the Court, and members of the jury;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the Court or jointly selected by the parties;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Any potential, anticipated, or actual fact witness and his or her coun- sel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discov- ery, or other litigation services retained or employed specifically in connection with this litigation, and only after such persons have completed the certification contained in Attachment A; and

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

(c) **"Attorneys' Eyes Only" Designation.** If the confidential documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party, an Attorneys' Eyes Only designation may be used to prohibit disclosure of such documents or information other than to the persons listed in Section 7 (b) (2)-(6) and (9)-(10). The producing party may designate documents as for Attorneys' Eyes Only by marking or placing the words "ATTORNEYS' EYES ONLY" on

6

the document and on all copies in a manner that will not interfere with the legibility of the document. Material designated as Attorneys' Eyes Only may also be disclosed to the Court and Court personnel as needed for the litigation of the case, but must be filed under seal to the extent allowed by the Court.

**(d)  Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the

documents, along with the originals of the certifications contained in Attachment A signed by those persons required to so certify under Section 6(b) herein.

8.  **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information or Attorneys' Eyes Only in connection with a motion, brief or other submission to the Court shall bring that issue to the Court's and parties' attention by motion in advance without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information. All pleadings, briefs, or memoranda which reproduce, paraphrase, or disclose any documents that have previously been designated as comprising or containing Confidential Information shall identify such documents by Bates number ascribed to them at the time of production. Such pleadings, briefs, or memoranda should be filed under seal or redacted, as appropriate under this Order.

9.  **Discovery Disputes; Challenges to a Confidential Designation.** In the event of a discovery dispute, no party may file a discovery motion before fully complying with Local

7

Rule 37.1. Local Rule 37.1 also applies to any dispute on an objection to a confidential designation under the terms of this Protective Order. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

    **10.**    **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

    **11.**    **Obligations on Conclusion of Litigation.**

    **(a)**    **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

    **(b)**    **Return of Confidential Documents.** Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the receiving party certifies that documents containing Confidential Information have been destroyed, or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving

party, that party elects to destroy the documents and certifies to the producing party that it has done so. The Parties stipulate that the receiving party is not required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, Confidential Information contained in deposition transcripts, or Confidential Information contained in draft or final expert reports.

      **(c)**    **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

    **12.**    **Order Subject to Modification.** This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

    **13.**    **Enforcement of Protective Order.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order. *See Flynt v. Lombardi*, 782 F.3d 963, 966 n.2, 967 (8th Cir. 2015) (per curiam).

    **14.**    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any

document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

15. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

16. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

17. **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

18. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence

of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

    **IT IS SO ORDERED.**

                                            s/ Roseann A. Ketchmark
                                            ROSEANN A. KETCHMARK, JUDGE
                                            UNITED STATES DISTRICT COURT

DATED: May 8, 2023